(No. 35849.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY MARSHALL, Plaintiff in Error.

*Opinion filed Sept. 22, 1961.—Rehearing denied Nov. 29, 1961.*

RALPH F. CRANDELL, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Henry Marshall, was indicted in the criminal court of Cook County on a total of 14 counts contained in seven indictments. Three indictments were for assault with intent to murder (each referring to a different victim) ; one for assault with intent to rob; two for assault with intent to rape; and one for robbery and armed robbery. The court appointed counsel to represent Marshall and upon arraignment on all indictments on March 3, 1958, Marshall entered a plea of not guilty, and requested a trial by jury. Thereafter, counsel moved to suppress an alleged confession of Marshall, which motion was denied. One indictment for assault with intent to rape was *nolle prossed*. The defendant then changed his plea to each of the remaining indictments to guilty. After hearing in aggravation and mitigation, judgment was entered sentencing Marshall on each indictment.

The sentences, to run concurrently, were as follows: on the indictment for armed robbery, not less than 25 years nor more than 50 years in the Illinois State Penitentiary; on each of three indictments for assault to murder, 10 to 20 years; on the indictment for assault to rob, 10 to 14 years; and on the indictments for assault to rape, 10 to 14 years. The case is now before us on writ of error.

The defendant contends that his conviction was based on a plea of guilty which was entered without a full explanation by the court of the consequences of entering such a plea, as required by statute (Ill. Rev. Stat. 1959, chap. 38, par. 732,) and by Rule 26(3) of this court; that the defendant was not advised that a plea of guilty waived a jury trial; and that the court did not advise the defendant that after a plea of guilty the court would hear evidence directed to aggravation and mitigation of the offense without a jury.

The People contend that the defendant was properly and adequately advised by the court as to the consequences of his plea of guilty.

Defendant's principal argument is that the admonition of the trial judge on the plea of guilty was inadequate in that he was not advised of his right to a trial by jury. In support of this contention, he relies on *Krolage* v. *People,* 224 Ill. 456. In that case this court held that the effect of a guilty plea was not sufficiently explained by the mere inquiry whether the accused understood that if he pleaded guilty, the court would sentence him. By way of dictum, we pointed out that the trial court failed to explain either the length of time he might be sentenced to serve or his right to a jury trial.

In subsequent cases, we have treated the explanation of the rights of the accused as a substantial matter, and have held that the advice of the court must be read in a practical and realistic manner. (*People* v. *Doyle,* 20 Ill.2d 163; *People* v. *Domico,* 15 Ill.2d 590; *People* v. *Baldridge,* 19 Ill.2d 616; *People* v. *Flathers,* 414 Ill. 486.) However, we know of no case where we have reversed for the ground that, on a change of plea from not guilty to guilty, the accused was not specifically advised of his right to trial by jury. Quite to the contrary, in the recent case of *People* v. *Outten,* 22 Ill.2d 146, we held that "It is obvious that by pleading guilty the defendant is foregoing his right to a trial of any kind," and consequently the court is not required

to specifically advise the defendant of his right to trial by jury. Furthermore, in *People* v. *Domico,* 15 Ill.2d 590, we held that there is no requirement of a transcript showing the explanation or statement of an accused's right to trial by jury on a change of plea from not guilty to guilty.

We also think it is clear that neither the statute, the rule, nor justice require an explanation of the provisions for a hearing in aggravation and mitigation prior to a change of plea. The transcript in the case at bar fully meets the requirements of the rule. In addition, the accused was represented by counsel, entered pleas of not guilty, and demanded a jury trial. Thereafter he persisted in his pleas until two pretrial motions were denied.

Defendant finally seeks reversal because of an error in the trial judge's explanation of indictment 58-636. The trial judge stated: "In indictment 58-636 you are charged with robbery. The penalty may be from one year to life in the State Penitentiary, do you undertand that?"

Indictment 58-636 was in fact in two counts, the first being for armed robbery, and the second for robbery. The penalty for robbery is not less than one year nor more than twenty years imprisonment; the penalty for armed robbery is for any term of years not less than one year or for life. (Ill. Rev. Stat. 1959, chap. 38, par. 501.) We cannot see how the defendant could be prejudiced by this statement, since the indictment was sufficiently identified and he was advised of the maximum penalty under the indictment. We find no error in this statement, when read in a practical and realistic manner. *People* v. *Doyle,* 20 Ill.2d 163, 167.

In conclusion, we find from the entire record that the court fully explained to the accused the consequences of entering a plea of guilty as required by statute, (Ill. Rev. Stat. 1959, chap. 38, par. 732,) and that Rule 26(3) was fully complied with. The judgments of the criminal court of Cook County are accordingly affirmed.

*Judgments affirmed.*