THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDREW CURTIS, Defendant-Appellant.

(No. 71-11;

Third District—December 20, 1971.

*Rehearing denied January 18, 1972.*

938

Theodore A. Gottfried, of Ottawa, (John L. Barton, of counsel,) for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Andrew Curtis, following a plea of guilty to an Information for Violation of Bail Bond, was sentenced on November 17, 1970, to a term in the penitentiary of from two (2) to four (4) years. Defendant now appeals to this Court and requests reversal on the ground that the trial judge did not comply with Supreme Court Rules 401 and 402. Ill. Rev. Stat. (1970), ch. 110A, Rules 401 and 402.

It is specifically contended that the court did not advise defendant that his failure to surrender himself within thirty (30) days after forfeiture of the bail bond must be a "willful" failure. It is also contended that the court prior to waiver of indictment, did not mention the penalty prescribed by law for the offense charged in the Information. It is also contended that the court erred in failing to advise defendant of the nature of the charge and of the penalty prescribed by law for violation of the bail bond and that, therefore, defendant's plea of guilty was not made understandingly.

From the record in the case it appears that on October 29, 1970, defendant appeared before the trial court for a jury trial pursuant to an indictment charging the offense of Grand Theft and Burglary. He was accompanied by counsel who had been appointed for him. When the case was called for trial, counsel for defendant advised the court that the State's Attorney had something to call to the Court's attention. The prosecuting attorney then told the court that defendant's counsel had advised the State that defendant wished to waive indictment upon the offense of the Violation of Bail Bond and to proceed on the Information thereon which had thereupon been filed on October 28, 1970. The proceeding on the Information was to be in lieu of proceeding to trial on the Theft and Burglary Indictment. As a result of conferences between the defendant, his counsel and the prosecution, the State had represented to defendant and defendant's counsel, that if defendant would waive indictment and plead guilty to the Information charging Violation of Bail Bond, the People would move to *nolle pros* the cause in the Theft and Burglary indictment and, would recommend, in the event probation were denied, that a sentence of two (2) years to five (5) years should be im-

posed to run concurrently with any other sentence imposed on defendant.

Defense counsel advised the court that the Information was filed as a result of such conferences with defendant, the defense attorney and the State's Attorney. The court inquired of defendant if he understood the recommendation of the State's Attorney and if he understood the waiver of indictment and consent to proceed by information. Defendant answered that he did. The court then summarized the charge as spelled out in the Information and explained it in very simple terms. The court asked if defendant understood the charge and defendant replied that he did. The court also advised defendant that he was not required to consent to the filing of the Information but had a right to have the case presented to the Grand Jury and the Grand Jury would then decide whether they wished to indict him, depending on the evidence. Defendant stated he understood this and he understood what he was giving up by consenting to the filing of the Information. The Information, a copy of which was presented to defendant's counsel and defendant, recited the violation and contained the words specifying that defendant did "willfully" fail to surrender himself to appear before the court within thirty (30) days following the date of the forfeiture of bail. In the court's explanation to defendant, the court did not particularize by stating that failure to surrender referred to must be "willful". The court, however, did ascertain that defendant could read and had sufficient education to understand the nature of the charge and had been presented with a copy of the Information.

Defendant was 32 years of age, had completed the eighth grade in school and had been employed at various jobs. He had been convicted of petty theft in 1966 and of various charges of disorderly conduct from 1966 to 1968. He had been given two (2) years probation on an aggravated battery charge in which case he had pleaded guilty to simple battery and had recently confessed violation of probation in that case. The discussions by the court with defendant were clear and defendant was asked also if there was anything defendant did not understand. The entire proceedings involving Waiver of Indictment and the plea of guilty by defendant to the Information were accomplished in one continuous proceeding on October 29, 1970. The hearing on defendant's motion for probation was then set for a later date and was held on November 17, 1970. Following denial of probation, and despite the recommendation of the prosecution that the sentence be from two (2) to five (5) years, the court imposed a lighter sentence of only two (2) to four (4) years upon defendant in this cause.

■■ In determining whether there had been compliance with the Supreme Court Rules as well as the general principles outlined in *Boykin*

*v. Alabama,* 395 U.S. 238, the courts of this State have reviewed the entire record involved and determined whether defendant had a reasonably complete understanding of all matters which are by such rules or precedents subject to admonition. *People v. Harden,* 78 Ill.App.2d 431, 444; *People v. Harden,* 38 Ill.2d 559, 563; *People v. McCrady* (Ill.App.2d), 267 N.E.2d 515.

■■■ Under the provisions of Rule 401 referred to, prior to any waiver of indictment, when a defendant is represented by counsel, it is stated that the court should inform defendant of the nature of the charge. In the cause before us, defendant had been expressly and specifically told of the nature of the charge, and in some detail, the court reviewed precisely what the charge was. While the court did not include in such recital a specification that the defendant's failure to appear following forfeiture of bail bond must be "willful", the information which had been presented to defendant contained such recital and it is apparent from the record that defendant clearly understood the nature of the charge. As we pointed out in *People v. McCrady, supra,* the trial court is not required to state to defendant all of the acts which do or may constitute the offense. See also *People v. Harden, supra.*

■■■ Illinois Supreme Court Rule 401 likewise requires that the minimum and maximum sentences prescribed by law should be directed to defendant's attention. In the cause before us, the court recited specifically that the penalty could be imprisonment in a penal institution for not more than five (5) years and could be a fine of not more than $5,000. No minimum was specified therein, and in fact, no minimum was specified in the section of the Act stating the penalty. Ill. Rev. Stat. 1969, ch. 38, par. 32—10. There was, therefore, no violation of the rule by the court by specifying the penalty which might be imposed on defendant in the very language of the statute itself. The court did not, however, state that defendant could be subjected to both the fine and imprisonment for the period of time specified. This, however, does not constitute such an omission as to justify a reversal since defendant clearly knew that he could be subjected to at least imprisonment for five (5) years or a fine in the sum of $5,000. The penalty actually imposed was less than the maximum and did not include a fine.

The other provision of the Rule 401 which is applicable, to the effect that defendant could be prosecuted for the offense only after indictment by a grand jury unless he waives indictment, was clearly complied with by the trial court. The court likewise clearly complied with the admonitions specified in Rule 402 with respect to the plea of guilty by defendant. The court emphasized to defendant that the court alone would fix the minimum and maximum penalty and inquired whether defen-

dant desired to plead guilty in the light of that observation. Defendant said that he did. The court also asked him if he was satisfied with his attorney and he stated that he was.

■■ It thus appears that the trial court complied with Rules 401 and 402. In view of the entire record in this cause it is obvious that defendant was adequately advised prior to waiver of indictment and also prior to defendant's plea of guilty, and that defendant knowingly and understandingly entered into both the waiver of indictment and the plea of guilty.

The judgment of the Circuit Court of Kankakee County will, therefore, be affirmed.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.