2 Ill. App.3d 851 (1972)
277 N.E.2d 898
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
JIMMY LEE MILLER, Defendant-Appellant.
No. 71-92.
Illinois Appellate Court  Second District.
January 13, 1972.
Ralph Ruebner, of Defender Project, of Elgin, (Kenneth L. Gillis, of Chicago, of counsel,) for appellant.
Philip G. Reinhard, State's Attorney, of Rockford, for the People.
Judgment affirmed.
Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:
On November 13, 1970, Jimmy Lee Miller pleaded guilty in the Circuit court of Winnebago County to the charge of armed robbery and was sentenced, in accordance with the provisions of a plea agreement, to a term of three to seven years in the penitentiary. On the basis of the plea negotiations and agreement, two other pending indictments against Miller were dismissed.
This appeal is based on the single contention of Miller that the trial court failed to personally address him in open court and advise him of the minimum and maximum sentences for the offense of armed robbery *852 as provided in Rule 402 of the Supreme Court rules. Ill. Rev. Stat. 1969, ch. 110A, sec. 402.
Rule 402, adopted June, 1970 and effective as of September 1, 1970, provides in part as follows:
"Rule 402. Pleas of Guilty.
In hearings on pleas of guilty, there must be substantial compliance with the following:
(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following: * * *
(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences: * * *"
The record shows that Miller appeared in open court with his privately retained counsel and a co-defendant on November 13. The State's Attorney informed the court that plea negotiations had been held with both defendants in reference to the pending indictments and that they had agreed to plead guilty to the charge of armed robbery in exchange for a sentence of three to seven years and a dismissal of the other charges. The only reference to the penalties imposed by the statute for armed robbery was made by the State's Attorney who said "* * * all three of these Indictments carry a possible penalty of from two years to life, the maximum to be fixed by the court."
The defendant does not contend that he did not understand the possible sentences prescribed for armed robbery or that he was not fully and adequately advised as to his other rights but only that fatal error was committed when the court itself failed to personally address him in open court as to the minimum and maximum sentences.
Rule 402 is, of course, of recent origin and it is not surprising that there are not, as yet, any reported cases on the precise point raised in this appeal. Sections 113-4(c) and 115-2(a)(2) of the Criminal Code provide that a plea of guilty shall not be accepted unless "the court" has explained to the defendant the consequences of his plea and the maximum penalty provided by law for the offense. (Ill. Rev. Stat. 1969, ch. 38, sec. 113-4(c) and 115-2(a)(2).) Rule 402 expanded the required explanation to include both the maximum and minimum penalties "to give the defendant a more realistic picture of what might happen to him," according to the committee comments.
Although the code provides that the "court" shall explain to the defendant the maximum penalty before accepting a plea, it has never *853 been held that the information must come directly from the judge himself. In the case of the People v. Hrebenar 266 N.E.2d 733, the defendant was advised that the maximum penalty of the crime of aggravated battery was 5 years when in fact it was 10. The defendant pleaded guilty, was sentenced to a term of three to five years, and other pending charges were dropped. On appeal, he urged the reversal of his conviction on the grounds that he had been incorrectly admonished. The court refused to accept such a technical interpretation of the rule and held that since no prejudice resulted to the defendant as a result of the mistake, the judgment of conviction should stand.
 1 Rule 402 provides that "there must be substantial compliance" with the procedures provided therein. The purpose of the rule, again according to the committee comments, is to make an affirmative showing, in the record, that a defendant voluntarily and understandingly enters his plea of guilty before it is accepted in accordance with the guidelines established by the Supreme Court in Boykin v. Alabama 395 U.S. 238, and to give visibility to the plea agreement process.
 2, 3 Certainly those goals would include a showing that the defendant has been advised as to the range of the possible penalties for the offense of which he stands charged. We do not agree, however, that Rule 402 requires a strict, literal adherence to every term contained therein if the record shows "substantial compliance." There is no necessity, either in the law or logic, that the actual admonition relative to the minimum and maximum sentence prescribed by the law comes from the lips of the trial judge if, as here, it is clear in the record that the defendant has been so advised.
For the reasons stated, the judgment of the trial court will be affirmed.
Judgment affirmed.
SEIDENFELD, P.J., and GUILD, J., concur.