The People of the State of Illinois, Plaintiff-Appellee, *v.* George Anthony Trinka, Defendant-Appellant.

(No. 71-214; ▮▮▮▮▮▮

Third District—February 27, 1973.

184

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, (F. Stewart Merdian, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant George Anthony Trinka, following a plea of guilty to a charge of misdemeanor theft, was sentenced to nine (9) months at the State Penal Farm, by the circuit court of Rock Island County.

On appeal in this court, defendant contends that the court failed to properly admonish him in accordance with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402). His contentions are specifically that the court failed to advise him properly of the nature of the charge against him pursuant to section 402(a)(1); that he was not advised of the minimum and maximum sentences prescribed by law for such offense (Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(2)) and, also, that the court failed to determine that there was a factual basis for the plea of guilty before entering a final judgment. Ill. Rev. Stat. 1971, ch. 110A, par. 402 (c).

It appears from the record that defendant was indicted for burglary and the Public Defender was appointed to represent him. After defendant had waived preliminary hearing, pre-trial negotiations were conducted by defendant, his attorney and the State's Attorney's office. It was agreed that defendant would plead guilty to an information charging misdemeanor theft for which he would receive a nine month sentence at Vandalia (State Penal Farm) and that a felony charge of burglary against him would be dismissed.

When defendant appeared with his attorney, his attorney advised the court in defendant's presence that the attorney had gone over the Information charging the offense of misdemeanor theft, with the defendant. Defendant acknowledged that this was so, and, also, that it was his desire to plead guilty to the charge of misdemeanor theft. Prior to accepting defendant's plea, his attorney informed the court in the presence of the defendant, that he had advised defendant that he had a right to a jury trial; that he could waive a jury trial and have his case

tried by the court; that the maximum sentence for misdemeanor theft was one year or a $500 fine, or both; that he had a right to subpoena witnesses in his own behalf and to cross-examine the witnesses presented by the State; and that the State would be required to prove his guilt beyond a reasonable doubt and that he was presumed to be innocent.

The court further inquired whether defendant had any questions about his rights to which the defendant replied that he did not. The court ascertained that the plea was voluntary and of defendant's own free will. The State's Attorney then recommended a nine-month sentence at Vandalia to which defendant through his counsel agreed with the understanding also that the burglary charge was to be dismissed. Defendant was asked whether he had any "quarrel" with the agreement and defendant replied that he did not. The court asked defendant if it was his understanding that he was to plead guilty and that the sentence would be a nine-month sentence at Vandalia, and defendant indicated that he understood and agreed thereto. The court thereafter indicated an acceptance of such plea of guilty and imposed the recommended nine-month sentence.

■■ It is clear from the record that defendant was adequately advised of the nature of the charge to which he was pleading guilty and was advised of the contents of the Information, which specified that defendant had obtained unauthorized control of certain tools having a value of less than $150, which tools were the property of East Moline Auto Body. It was established in open court by defendant's attorney in the presence of defendant that he had gone over the Information charging defendant with the misdemeanor theft and defendant acknowledged that this was true. Defendant indicated a desire to plead guilty to such Information. It is clear, therefore, that he was adequately informed of the nature of the charge against him.

■■ He contends further on appeal that the court failed to advise him of the minimum and maximum sentences which might be given to him as a result of such plea of guilty. It is clear that the information as to possible sentence need not come from the court personally where the record in court indicates that defendant has been adequately so advised. (*People v. Miller*, 2 Ill.3d 851, 277 N.E.2d 898.) He was here told that the maximum penalty for misdemeanor theft was imprisonment for one year or a $500 fine or both. This is precisely in the terms as set forth in the statutes. While it is true that under Illinois Supreme Court Rules, information as to the minimum and maximum sentences prescribed by law should be directed to a defendant's attention, it is not necessary that the court specify the minimum when no minimum is in fact specified in the statute, and it is sufficient under such circumstances that the attention

of the defendant be directed to the maximum penalty which might be imposed for such offense. *People v. Curtis*, 3 Ill.App.3d 936, 277 N.E.2d 352.

Defendant likewise contends that the court failed to determine that there was a factual basis for the plea of guilty pursuant to Rule 402(c). The prosecution contends that defendant's unequivocal admission that he committed the crime can be understood from the fact that he was pleading guilty thereto, and that this met the requirement of a determination of a factual basis for the plea. (*People v. Hudson*, 7 Ill.App.3d 800, 288 N.E.2d 533.) The *Hudson* case, however, is distinguishable for the reason that in such case the court specifically stated, "Do you understand that by pleading guilty you are admitting participation in the armed robbery?" The defendant there said that he did.

■■ While it is clear that there is no particular method by which a trial court is required to satisfy itself that a factual basis for the plea existed, we have no information in the record in this cause from which we could determine that the court complied with Rule 402(c) which specifically provides that the court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for a plea. We do not believe we could divine, from the simple fact that a plea of guilty to a charge has been entered by defendant, that there was a factual basis for the plea. The factual basis can be shown either by admission of defendant or by a summary of evidence in presence of defendant showing that defendant committed the crime, or by having facts stated by witnesses, or by an examination of a pre-sentence report by the court. In absence, however, of any such showing in the record, we believe that this case should be affirmed but remanded to the circuit court of Rock Island County for the limited purposes herein described. We believe that the best interests of defendant, as well as the prosecution, would be served if this cause is remanded for the limited purpose of having the court vacate the judgment entered in this cause and then ascertain whether there is a factual basis upon which the court could rely prior to the entry of the judgment as against the defendant. If there is such factual basis established of record, the trial court may thereupon enter judgment on the basis of the plea of guilty in accordance with the plea bargaining agreement. In the event no such factual basis is established, then defendant, if he so desires, may withdraw his plea of guilty and this cause shall thereupon be subject to further proceedings in the circuit court of Rock Island County to the same effect and extent as if such plea of guilty had not been entered in this cause.

Remanded with directions.

STOUDER and DIXON, JJ., concur.