THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD KRANTZ, Defendant-Appellant.

(No. 12103; ■■■■■■■■■■■■■)

Fourth District—June 7, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

On September 18, 1972, the defendant appeared in court with his appointed counsel, asked leave to withdraw a previously entered plea of not guilty to two charges of forgery, and indicated a desire to enter a plea of guilty to the charges pursuant to plea negotiations. Ultimately, the pleas of not guilty were withdrawn, pleas of guilty were entered, and in accordance with the plea negotiations an indeterminate sentence of not less than 2 nor more than 7 years was imposed upon each of the charges of forgery. The sentences were to run concurrently.

Upon this appeal, the defendant asserts that the trial court did not comply with the requirements of Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) applicable to the acceptance of pleas of guilty.

■■ The specific deficiency asserted to exist in this proceeding is that the trial court failed to explain to the defendant the nature of the charge. The inquiry directed to the defendant by the court was: "Mr. Krantz, do you understand what you're charged with in these indictments, forgery?" The defendant: "Yes". The court thereafter went into an explanation of the possible penalties and omitted any reference to the penalty section of the statute relating to a possible fine.

■■ Rule 402 as amended and effective in September 1970 places an affirmative duty on the trial court not to accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands, among other things, the nature of the charge. It is clear from the Committee Comments that the duty imposed upon the trial court is an affirmative duty placed there in order that the acceptance of pleas of guilty would be in accordance with the requirements of the United States Supreme Court as enumerated in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

■■ It is a violation of due process to accept a guilty plea in a criminal proceedings without an affirmative showing placed in the record that

the defendant voluntarily and understandingly enters his plea and that he understands the nature of the charge and the possible consequences of the plea. Rule 402 likewise imposes certain affirmative duties on the part of the trial court with reference to plea discussions, agreements, negotiations and sentence.

There is a distinction between a factual basis for a plea required to be ascertained by Rule 402 and a determination that the defendant understands the nature of the charge.

■■ We agree with the statement of the court in *People v. Hudson,* 7 Ill.App.3d 800, 802, 288 N.E.2d 533, 535, that:

> "\* \* \* The nature of a charge consists of two parts: (1) The acts and intent (if any) required to constitute a violation of the provisions of the criminal code, and (2) the alleged acts and intent (if any) with which the alleged acts were committed which are attributed to the defendant in the particular case. These two parts should be explained by the judge to the defendant in open court in laymen's terms. The judge should proceed no further until he is completely satisfied from the defendant's personal remarks in open court that he understands the explanation. The Supreme Court of Illinois, in commenting on the case of *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), has said:
>
>> 'That opinion (McCarthy) emphasizes the importance of personal inquiries addressed to the defendant to ascertain directly his understanding of the nature of the charge against him. And although that decision was 'based solely' upon the Supreme Court's construction of Rule 11 of the Federal Rules of Criminal Procedure, the underlying reasons apply equally to Rule 401 (now, as modified Rule 402) of this court.' *People v. Mims,* 42 Ill.2d 441, 248 N.E.2d 92, 94.
>
> "The United States Supreme Court reversed McCarthy's conviction entered on a plea of guilty because the trial judge did not 'personally inquire whether the defendant understood the nature of the charge' as required by Rule 11, Fed.R.Crim.P.; *McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418."

In the instant case, the quoted inquiry of the defendant is insufficient.

Having reviewed numerous cases in which compliance with Rule 402 is a substantial issue, we find ourselves in complete agreement with the observation in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, 428-429:

> "\* \* \* [T]hat a defendant whose plea has been accepted in

violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking."

That which the United States Supreme Court observed in *McCarthy* applicable to Federal Rule 11 is as our supreme court noted in *Mims* equally applicable to our Rule 402.

In this case, the defendant did make certain observations that might arguably be said to establish his understanding of the nature of the charge. We are not persuaded that his observations establish substantial compliance with the affirmative and specific requirements of Rule 402.

■■ The judgment and sentence is therefore required to be reversed and this cause remanded with directions to permit the defendant to plead anew.

Reversed and remanded with directions.

TRAPP and SIMKINS, JJ., concur.