THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOUIS H. BAUSWELL, Defendant-Appellant.

(No. 11730;

Fourth District—June 7, 1973.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Patrick M. Walsh, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Louis H. Bauswell was convicted, on a plea of guilty, of the crime of Indecent Liberties With a Child in violation of Ill. Rev. Stat. 1969, ch. 38, sec. 11—4(a)(3). On August 17, 1971, the defendant appeared in open court, with counsel of his own choice, and the record establishes the following:

> "MR. JOHNSON (defendant's counsel): Your Honor, the defendant at this time offers to withdraw his plea of not guilty, and enters a plea of guilty to the charge of indecent liberties with a child, under the information, indictment in 71—CF—87.
>
> THE COURT: Show the offer to plead guilty. I assume by now there's no question in the mind of the defendant what the nature of the charges are? You understand what they accuse you of doing?
>
> DEFENDANT: Yes, sir."

This excerpt contains the court's only reference to the nature of the charge. Subsequently the following exchange occurred:

> "THE COURT: Along that line I saw a post-conviction petition for this charge recently in which the defendant said, I wasn't guilty but I did it to spare the complaining witness, alleged victim, I'd rather go to prison than make her testify in court, is what he said. Is it, is that the situation here, that you're doing this to shield some—it would be the complaining witness—it's a child. I assume it's your child by the name.
>
> DEFENDANT: My child.
>
> THE COURT: And in that case he stated I did it in order to spare my child court appearances. Is that the case here?
>
> DEFENDANT: That's part of it, Your Honor.
>
> THE COURT: Well, that's not enough. In that we don't want any innocent person to plead guilty to any offense.
>
> DEFENDANT: She's mentally retarded, I'd hate to put her through a jury trial.

THE COURT: Well, I'm sure no one would want to see a child put in this position. But on the other hand, this is a serious matter and we wouldn't want anyone innocent to plead guilty for that reason, either.

MR. JOHNSON: May I ask Mr. Bauswell—is this your decision to plead guilty?

DEFENDANT: Yes, it's my decision to plead guilty."

During the hearing on defendant's petition to be admitted to probation the defendant testified in his own behalf and on cross-examination by the State's Attorney, the following questions, answers and statements are made:

"Q. Mr. Bauswell, are the facts and circumstances set forth in 71—CF—87 concerning a charge of indecent liberties with your other daughter correct? Did you engage in that conduct?

A. That kind of poses a problem there. My daughter there is mentally retarded.

Q. I am asking you whether you engaged in that conduct?

A. No, I did not."

■■ The trial judge then denied defendant's petition for probation and imposed a sentence of 4 to 10 years in the penitentiary. Defendant urges that it was error for the trial judge to have accepted the guilty plea where he stated that he was entering the plea to protect his mentally retarded daughter and that it was further error for the judge not to have *sua sponte*, vacated the plea when the defendant reiterated his innocence during the hearing on the petition for probation.

"The crux of the requirement of Rule 402(a)(1) is *understanding*. The nature of a charge consists of two parts: (1) The acts and intent (if any) required to constitute a violation of the provisions of the criminal code, and (2) the alleged acts and intent (if any) with which the alleged acts were committed which are attributed to the defendant in the particular case. These two parts should be explained by the judge to the defendant in open court in laymen's terms. The judge should proceed no further until he is completely satisfied from the defendant's personal remarks in open court that he understands the explanation."

*People v. Hudson*, 7 Ill.App.3d 800, 288 N.E.2d 533.

■■ Supreme Court Rule 402 has been in existence since 1970. Its language is straight forward, explicit and uncomplicated. Among other things, it commands that "The Court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following: (1) the nature of the charge;  *  *  *." The rule was designed to

38

obviate the precise problem which this record presents, and, if complied with, it will accomplish that end.

■■ The judgment of the trial court is reversed for noncompliance with Rule 402, and the cause remanded with directions to permit the defendant to plead anew.

Reversed and remanded with directions.

CRAVEN, P. J., and TRAPP, J., concur.