The People of the State of Illinois, Plaintiff-Appellee, *v.* Eugene Earl Fred, Defendant-Appellant.

(Nos. 11723-24 cons.;

Fourth District—February 27, 1974.

*Rehearing denied March 26, 1974.*

SIMKINS, J., dissenting.

Kenneth L. Gillis, Deputy Defender, of Chicago, for appellant.

Matthew A. Hutmacher, Assistant State's Attorney, of Quincy, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from two convictions for armed robbery after his pleas of guilty. The cases have been consolidated upon appeal. In No. 11723, a sentence of 5 to 20 years was imposed, while in No. 11724, the sentence imposed was 5 to 10 years. Such sentences are concurrent. The issues are limited to the adequacy of the proceedings under the provisions of Supreme Court Rule 402.

In No. 11723, defendant was charged, together with one Hutson, with armed robbery which occurred on June 5, 1971. After appointment of counsel, defendant pleaded not guilty.

In No. 11724, defendant was charged with an armed robbery occurring on September 21, 1971. After appointment of counsel, defendant pleaded guilty on September 29, 1971. The record shows that the plea was negotiated between counsel in the limited sense that certain other charges would be dismissed upon entering the plea of guilty. The negotiations do not include any recommended term of sentence.

The court's admonition under Supreme Court Rule 402(a) included the statement that the minimum sentence which might be imposed was 2 years. The proceedings show that such was also the view of both the State's Attorney and defense counsel. Illinois Revised Statutes 1969, chapter 38, paragraph 18—2(b) was referred to. However, effective August 24, 1971, that statutory provision was amended to provide that the minimum sentence for armed robbery was fixed at five years, and

that upon a second or subsequent conviction of armed robbery, the minimum sentence provided was eight years. This plea was entered to a charge of armed robbery committed subsequently to an armed robbery upon which the charges were then pending. At the sentence hearing, defense counsel presented a number of reasons for a sentence with a minimum of 2 years.

Supreme Court Rule 402(a) is explicit in its requirement that the court shall not accept a plea of guilty without first addressing defendant personally in open court and advising and determining that defendant understands the minimum and maximum sentence provided by law, including the penalty which may be imposed because of prior convictions.

The prosecution cites *People v. Miller*, 2 Ill.App.3d 851, 277 N.E.2d 898. In that case the negotiated plea included an agreement to recommend the sentence actually imposed by the court, and defense counsel had stated into the record that defendant was advised of the possible sentence which might be imposed. (See also *People v. Hartman*, 6 Ill.App.3d 543, 285 N.E.2d 600.) Here, no term of sentence had been negotiated and counsel were obviously mistaken as to the minimum term. The prosecution also cites *People v. Marshall*, 23 Ill.2d 216, 177 N.E.2d 835, and *People v. Carter*, 107 Ill.App.2d 474, 246 N.E.2d 320. These cases were decided prior to the effective date of Supreme Court Rule 402 as now stated, and under a statute which only required an admonition of the maximum sentence which might be imposed. (Ill. Rev. Stat. 1969, ch. 38, par. 113—4(c).) Upon these facts, we cannot find an affirmative showing of an intelligent and understanding plea of guilty as required by *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709.

In No. 11723, defendant appeared with counsel shortly prior to trial and advised the court that defendant desired to plead guilty "to this charge". It appears that the plea tendered was made subsequently to that in No. 11724, but on the same day. Defendant was then admonished in detail concerning his constitutional rights and the penalty which might be imposed, but nothing which discloses a factual basis for the plea of guilty. Supreme Court Rule 402(c) provides that the court shall not enter judgment upon a plea of guilty without first determining that there is a factual basis supporting such plea. In *People v. Trinka*, 10 Ill.App.3d 183, 293 N.E.2d 179, it is said that a plea of guilty is not the equivalent of a factual basis for such plea.

Here we find no admission by defendant in open court, no testimony of witnesses and no statement of facts to which defendant has assented. In *People v. Bauswell*, 12 Ill.App.3d 35, 297 N.E.2d 385, this court observed that after a plea of guilty, defendant denied that he had per-

formed the acts charged at his hearing in aggravation and mitigation. It appeared there that the plea was entered for reasons not related to actual guilt.

Supreme Court Rule 402(c) states that the proceedings required by this Rule must be taken verbatim in open court and made a part of the record. The procedures provided in the Rule assure that the record will clearly and affirmatively show that the plea was intelligently and understandingly made within the requirement of *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. These procedures are designed to aid the administration of justice to the extent that they generally assure finality of judgment and eliminate unnecessary assertions of error in the taking of pleas of guilty.

■■ The State has filed a motion to supplement the record in these proceedings by filing a portion of the record from the subsequent trial of the co-defendant, Hutson, at which defendant testified. (See *People v. Hutson,* 13 Ill.App.3d 775, 300 N.E.2d 305.) The motion is denied for the reason that it does not come within the provisions of Supreme Court Rule 329.

■■ In No. 11724, the judgment below is reversed and the cause is remanded with directions to permit defendant to plead anew.

■■ In No. 11723, as in *People v. Trinka,* 10 Ill.App.3d 183, 293 N.E.2d 179, we conclude that the best interests in the administration of justice would be served if the cause is remanded for the limited purpose of having the court vacate the judgment and then to ascertain for the record the existence of a factual basis for the plea as provided in Supreme Court Rule 402(c). If such factual basis is established of record, the trial court may thereupon enter judgment upon the plea of guilty. In the event no such factual basis is established, then defendant, if he so desires, may withdraw such plea of guilty and the cause shall proceed to the same effect and extent as if such plea of guilty had not been entered in No. 11723. See also *People v. Sumner,* 72 Ill.App.2d 258, 218 N.E.2d 236.

Reversed in part and remanded with directions.

SMITH, P. J., concurs.

Mr. JUSTICE SIMKINS dissenting:

I dissent. It seems anamolous to hold that Rule 402 provides a vehicle for the taking of a perfectly valid plea upon which judgment and sentence may not be imposed. No factual basis for the plea was established as required by Rule 402(c), and the trial judge was consequently without authority to enter the judgment of conviction and impose sentence. I see no basis for distinguishing failure to comply with the provisions

of Rule 402(a) and (b) from noncompliance with (c) of the Rule. While recognizing the difference in the initial sentence of (a) and (b) to the effect that "The Court shall not accept a plea of guilty without first \* \* \*" as contrasted to the opening sentence of (c) "The Court shall not enter final judgment \* \* \*" it seems clear that the requirement of a factual basis for a plea is a central and indispensible part of the foundation.

The above quoted language contained in Rule 402 is patterned after the language in Federal Rule 11. The procedural safeguards contained in Rule 402 are constitutionally mandated. I read *McCarthy v. United States*. 394 U.S. 458, 22 L.Ed.2d 418, 89 S.Ct. 1166, to hold that the factual basis for the plea is intertwined with the concept of voluntariness. The *McCarthy* court said, "Moreover because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. Thus, in addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea." (394 U.S. at 466-7). While *McCarthy* dealt primarily with the fact that the trial judge had failed to address the defendant personally and thus determine that the plea was made voluntarily with an understanding of the nature of the charge and the consequences of the plea, the language of *McCarthy* seems clearly to hold that noncompliance with any of the provisions of Federal Rule 11 requires reversal and that the defendant under those circumstances is entitled to plead anew. The court said, "[I]n reversing the Court of Appeals, we hold that a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." (394 U.S. at 463-64.) The court further said, [O]ur holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but will also help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate." (394 U.S. at 472.) I understand *Manley v. United States*, 432 F.2d 1241 (1970) to stand for the proposition (particularly the concurring opinion of Judge Friendly) that failure to establish a factual basis for a plea yields the same result as failure to comply with any other provision of Federal Rule 11.

On remand for the purpose of establishing the existence or non-existence of a factual basis it is entirely possible that the trial judge will

be confronted with a contested evidentiary hearing. This raises questions concerning burden of proof, degree of proof and others which are avoidable by the simple device of compliance with the provisions of Rule 402.

I would reverse and remand with directions to permit the defendant to plead anew.