THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT GREEN, Defendant-Appellant.

(No. 12156;

Fourth District—March 14, 1974.

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

No appearance for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant appeals from a judgment entered upon his plea of guilty to the offense of attempted robbery and from a sentence of not less than 2 nor more than 7 years in the Illinois State Penitentiary. Upon this appeal the defendant urges that the trial court committed error in accepting the defendant's guilty plea without informing him of the nature of the charge and without substantial compliance with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402). We agree that the record does not establish that which is required by the express language of the Rule and for that reason this case must be reversed and remanded to the circuit court of Macon County with directions that the defendant be allowed to plead anew.

The People in their brief suggest compliance with the Rule is shown by the total record.

The defendant was initially charged by information. There was a preliminary hearing and thereafter an indictment was returned in August 1972. He was furnished with a copy of the indictment; a motion was filed to suppress certain evidence; and a hearing was held on that motion. There was also a motion filed suggesting that the defendant was not competent to stand trial. Two psychiatrists were appointed and in a bench trial proceeding defendant was found to be competent. It is suggested by the People that the procedures followed as enumerated would

establish compliance with the requirements of Rule 402. Our examination of this record does not suggest that in any of those proceedings the nature of the charge was explained to the defendant as is required by Rule 402, nor does it suggest compliance with the Rule in the sense of addressing the defendant personally in open court, informing him of and determining that he understands the nature of the charge. That which is relevant to the nature of the charge in this case is as follows:

"THE COURT: Following our usual procedure, the charge now pending in this indictment is a charge of attempted robbery. I'm sure you've had the indictment for some time Mr. Green. You do understand what they accuse you of doing in this indictment, right?

DEFENDANT: Yes.

THE COURT: An occurrence which involved a Mr. Sprinkle; it was a matter upon East Central where it says you attempted to rob him.

DEFENDANT: Yes."

In *People v. Bauswell*, 12 Ill.App.3d 35, 297 N.E.2d 389, upon a very similar but not identical record, this court quoted with approval from *People v. Hudson*, 7 Ill.App.3d 800, 288 N.E.2d 533, as follows:

"'The crux of the requirement of Rule 402(a)(1) is *understanding*. The nature of a charge consists of two parts: (1) The acts and intent (if any) required to constitute a violation of the provisions of the criminal code, and (2) the alleged acts and intent (if any) with which the alleged acts were committed which are attributed to the defendant in the particular case. These two parts should be explained by the judge to the defendant in open court in laymen's terms. The judge should proceed no further until he is completely satisfied from the defendant's personal remarks in open court that he understands the explanation.'" 12 Ill.App.3d at 37.

(See also *People v. Krantz*, 12 Ill.App.3d 38, 297 N.E.2d 386.) Further, in *Bauswell*, we said:

"Supreme Court Rule 402, Ill. Rev. Stat. 1971, ch. 110A, § 402, has been in existence since 1970. Its language is straight forward, explicit and uncomplicated. Among other things, it commands that 'The Court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following: (1) the nature of the charge; * * *.' The Rule was designed to obviate the precise problem which this record presents, and, if complied with, it will accomplish that end." 12 Ill.App.3d at 37-38.

The judgment of the circuit court of Macon County is reversed for non-compliance of Rule 402 and this cause is remanded with directions to permit the defendant to plead anew.

Reversed and remanded with directions.

SMITH, P. J., and TRAPP, J., concur.