THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALF FREDDIE CLARK, Defendant-Appellant.

(No. 73-300; ▮▮▮▮▮▮▮▮▮▮

Third District—July 31, 1974.

James Geis, of the State Appellate Defender's Office, of Ottawa, for appellant.

F. Jack Nathan, Assistant State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Alf Freddie Clark, was indicted by a Rock Island County grand jury for the crime of armed robbery. Pursuant to plea negotiations the defendant pleaded guilty to the crime and was sentenced to a term of not less than 4 nor more than 8 years to the Illinois Department of Corrections.

In this appeal the defendant urges *inter alia* that the trial court committed error in accepting his guilty plea without informing him of the nature of the charges against him.

Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, § 402) has been in existence since 1970. Its language is straightforward, explicit and uncomplicated. Among other things, it commands that "The Court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following: (1) the nature of the charge  *  *  *."

In examining the record we find that counsel for the defendant during the course of the arraignment did utter the words "armed robbery" and that in addition the following colloquy occurred:

"Court: That you had a knife and took $80.00 from that individual, that's true?

Defendant: Yes."

There was no reading of the indictment to the defendant nor any explanation offered by the court as to the acts and intent which necessarily must be present to sustain the commission of the crime of armed robbery.

We can only conclude that the remarks made by defense counsel and the court at the time of the arraignment are too minimal to adequately inform the defendant as to the nature of the charge against him. (See *People v. Hawkins*, 17 Ill.App.3d 863, 309 N.E.2d 60; *People v. Green*, 17 Ill.App.3d 918, 309 N.E.2d 75.) Supreme Court Rule 402 was designed to obviate the precise problems which this record presents. We fail to find compliance with the rule, and for that reason this case must be reversed and remanded to the circuit court of Rock Island County with directions that the defendant be permitted to plead anew.

Having made this determination it becomes unnecessary for us to consider a further assignment of error raised by the defendant.

Reversed and remanded.

DIXON and STOUDER, JJ., concur.