THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL BALLAUER (Impleaded), Defendant-Appellant.

(No. 59126; ▮▮▮▮▮▮▮▮▮▮)

First District (4th Division)—October 9, 1974.

Paul Bradley and Steven Clark, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Edna Selan Epstein, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Daniel Ballauer, was indicated on April 7, 1972, along with Arthur Peters and John Peters, for both the armed robbery and murder of Frank Posejpal. Arthur Peters was also indicted for the attempted murder of Leslie Russ and Andrew Bultas in connection with the same incident. On February 15, 1973, the defendant pled guilty to murder and armed robbery, and also to the attempted murder of Russ and Bultas. He was sentenced by the court to the penitentiary for a term of 14 to 20 years for the murder, 4 to 16 years for each of the attempted murders, and 14 to 20 years for the armed robbery, all the sentences to run concurrently.

■■ It is initially pointed out by the defendant on appeal, that although he pled guilty to and was sentenced for the attempted murder of both Russ and Bultas, he was never charged by indictment with those offenses. We agree with the defendant's argument, which the State concedes in its brief, that this is manifest error. We accordingly reverse the defendant's convictions for attempted murder.

The defendant also asserts on appeal (1) the non-compliance by the trial court with certain provisions of Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402), which imposes certain duties on the trial court in accepting a guilty plea, requires reversal of the murder and armed robbery pleas, and (2) that the murder and the armed robbery arose from the same conduct and that therefore the conviction for the lesser offense of armed robbery must be reversed.

■■ It is argued first, in regard to Supreme Court Rule 402, that the trial court failed to explain the nature of the charge of both armed robbery and murder to which the defendant was pleading guilty, as required by 402(a)(1) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(1)). We disagree.

The Rule provides:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge."

The record shows that before the guilty plea was entered, defense counsel informed the court that the defendant wished to withdraw his previous plea of not guilty as a result of negotiations between the defense counsel, the assistant State's Attorney, and the defendant. The defendant verified that statement to the court, and the following ensued:

"THE COURT: Understand by pleading guilty to these charges—Can I have a copy of the indictment?

MR. WITKOWSKI: Yes, sir.

(Counsel handing document to Court.)

THE COURT: That you are pleading guilty and charged with murder and that you did on February 10, 1972, shoot one Frank Posejpal, and you did at the same time and place commit the offense of attempt, and that you did with the intent to commit the crime of murder, intentionally kill one Leslie Russ, by shooting Leslie Russ with a gun; and attempt also to kill one Andrew Bultas, by shooting at him in an armed robbery upon the same Frank Posejpal, at the same time and place.

Is that correct?

MR. HALPRIN [Defense counsel]: May I state for the record, the defendant would state to Your Honor that he did not fire a gun at anybody.

He understands that he is liable here as predicated upon the accountability theory, for acts of another, for whose conduct he is legally accountable, for what they have done.

Have I stated that correctly?

THE DEFENDANT: Yes, sir."

■■ The defendant, in urging that this exchange failed to satisfy the requirements of Rule 402(a)(1), cites *People v. Ingeneri*, 7 Ill.App.3d 809, 288 N.E.2d 550, and *People v. Krantz*, 12 Ill.App.3d 38, 297 N.E.2d 386. In *Krantz* the appellate court reversed a plea to forgery where the only inquiry of the defendant by the trial judge regarding the nature of the charge was "Mr. Krantz, do you understand what you're charged with in these indictments, forgery?" to which the defendant responded affirmatively. In *Ingeneri* the court, while in dictum stating that merely furnish-

ing a copy of an indictment to the defendant would not be sufficient compliance with Rule 402(a)(1), actually held that a mere reading of the details set forth in the armed robbery indictment to the defendant was sufficient to assure his understanding of the nature of the charge.

The defendant contends, based on these decisions, that the court violated 402(a)(1) by not articulating the legal definition of armed robbery to the defendant. In this regard we note that a confession given to the police by the defendant, detailing his involvement in the "holdup" of a man named Frank while armed with a loaded automatic weapon, was stipulated to at the hearing and read into the record. There was thus little practical consequence in describing the crime to the defendant as "armed robbery" rather than as "a taking of certain property from the person or presence of one Frank Posejpal with the use of force or threatening the imminent use of force and while armed with a deadly weapon," when the defendant's own confession, stipulated to at the hearing, admitted all of these latter elements. We therefore find that the procedure employed does not, under the circumstances, preclude a finding of substantial compliance with Rule 402(a)(1), which is all that is required. See *People v. Tennyson,* 9 Ill.App.3d 329, 292 N.E.2d 223; *People v. Wintersmith,* 9 Ill.App.3d 327, 292 N.E.2d 220; *cf. People v. Wright,* 2 Ill.App.3d 304, 275 N.E.2d 735, involving the old Supreme Court Rule 401(b) (Ill. Rev. Stat. 1969, ch. 110A, par. 401(b)) requirement that a defendant pleading guilty be admonished regarding the nature of the charge.

■■ As to the murder charge, it appears affirmatively on the record that while the judge was explaining the nature of the charges to the defendant, the defense counsel interjected that his client understood his liability for the crimes to which he was about to plead guilty, and the defendant orally affirmed that statement. This is similar to *People v. Trinka,* 10 Ill.App.3d 183, 293 N.E.2d 179, where the defense counsel merely advised the court that he had, together with his client, gone over the Information charging the defendant with the offense (misdemeanor theft) for which a guilty plea was being entered. This was held to have constituted substantial compliance with Rule 402(a)(1). Likewise, in the instant case, the defendant's understanding of his guilt for murder under the theory of accountability was documented by his counsel's statement and the defendant's acknowledgment. It is clear that where murder is committed during a robbery, all participants in the robbery are deemed equally guilty of murder and it is immaterial who fired the fatal shot. *People v. Johnson,* 55 Ill.2d 62, 302 N.E.2d 20.

For these reasons we deem the citation of *People v. Krantz,* 12 Ill.App.3d 38, 297 N.E.2d 386, and *People v. Ingeneri,* 7 Ill.App.3d 809,

288 N.E.2d 550, unpersuasive, and find no transgression of Rule 402(a)(1) in regard to either the armed robbery charge or the murder charge.

■■ The defendant next urges that the trial court failed to adhere to subparagraph (b) of Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402(b)) by not ascertaining whether there was any coercion by force or threat made to induce the plea. Subparagraph (b) provides:

> "(b) Determining Whether the Plea is Voluntary.
>
> The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea."

The record shows that the court specifically asked the defendant whether he understood that he was waiving his right to trial by jury or by the court and to confront the State's witnesses, and that he could be sentenced to the penitentiary for the rest of his life. The defendant acknowledged this, and the following occurred:

> "THE COURT: No promises except about the results of the conferences your attorney just talked about, namely, if you plead guilty I would sentence you on a murder charge, fourteen to twenty, and also armed robbery to the same time * * *.
>
> Understand that, sir?
>
> THE DEFENDANT: Yes, sir."

The court then asked for a stipulation as to the facts, and a factual basis for the plea was established.

The defendant claims that, although the plea agreement was stated in open court, and it was determined that no promises, apart from the plea agreement, were used to obtain the plea, subparagraph (b) was nevertheless violated because the court made no inquiry to determine if any force or threat had coerced the plea. This argument is without merit. We reiterate that substantial compliance with the entirety of Rule 402 including subparagraph (b), is all that is required, and the omission of a specific inquiry as to whether any force or threats had been used, where the record clearly shows that none were used and that the plea was voluntary, does not amount to less than substantial compliance. *People v. Gratton*, 19 Ill.App.3d 503, 311 N.E.2d 717.

■■ The final contention in regard to Rule 402 is that subparagraph (c) thereof, requiring the court to determine if there is a factual basis

for a guilty plea before accepting it, was not adequately complied with.

The record indicates in this regard that, following the defendant's assurance to the court that no promises were made other than the plea agreement, the court asked for a stipulation as to the facts. The defense counsel then stipulated in response to the assistant State's Attorney's request, that the testimony of the witnesses who appeared before the grand jury would sufficiently prove the charges. The assistant State's Attorney then further read at length from a statement of the defendant taken at the police station the day of the crime. In it the defendant detailed his involvement in the "holdup" of a man named "Frank," the proprietor of a sporting goods store, who "was killed" during the robbery. The statements read were stipulated to by the defense counsel.

As stated in *People v. Hudson*, 7 Ill.App.3d 800, 803, 288 N.E.2d 533, 535:

> "The requirement of Rule 402(c) that there be a factual basis for the plea is met when it appears on the record that there is a basis for reasonably concluding that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty. It is not necessary that it appear on the record beyond a reasonable doubt or even by a preponderance of the evidence that the defendant committed the offense."

We therefore find the defendant's argument on appeal that the plea must be reversed because "there is no indication in the record that 'Frank' was killed by the shots fired during the robbery" devoid of merit. There was clearly substantial compliance with the Rule 402(c) requirement that a factual basis for the plea be determined to exist.

■■ The final contention of the defendant is that the murder and armed robbery convictions arose from the same conduct and that therefore the conviction for the lesser offense of armed robbery must be reversed. We hold, however, that the armed robbery and the murder that occurred during the robbery were two separate and distinct crimes, each punishable by separate and distinct sentences. (See *People v. Robinson*, 18 Ill.App.3d 804, 310 N.E.2d 652; Ill. Rev. Stat. 1971, ch. 38, par. 1—7(m), *as amended*, Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4; see also *People v. Johnson*, 55 Ill.2d 62, 302 N.E.2d 20.)

The judgments on the convictions for murder and armed robbery are therefore affirmed. The convictions for attempted murder are reversed.

Affirmed in part and reversed in part.

DIERINGER and JOHNSON, JJ., concur.