(No. 30118.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM ANDERSON, Plaintiff in Error.

*Opinion filed September 18, 1947.*

584

■■■■■■■■■■

WILLIAM ANDERSON, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (WILLIAM T. HENDERSON, State's Attorney, of Danville, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, William Anderson, hereinafter referred to as the defendant, was indicted for the crime of rape on July 12, 1944, in the circuit court of Vermilion county. On July 17, 1944, he was arraigned and entered a plea of not guilty. On August 2, 1944, he withdrew his plea of not guilty and entered a plea of guilty to assault with intent to commit rape. He was sentenced to the penitentiary for a term of not less than 10 nor more than 14 years.

The defendant brings this writ of error upon the common-law record, no bill of exceptions having been filed. He contends that his conviction should be reversed because the common-law record contains no *placita,* no list of the grand jurors and no order showing the convening of the court. He also contends that he withdrew his plea of not guilty by reason of an agreement entered into by the State's Attorney and his counsel wherein it was agreed that he would plead guilty to common assault and that the circuit court erred in not carrying out the promise of the State's Attorney. As further error he alleges that, since the indictment consisted of only one count charging the crime of rape, the court erred in sentencing him for a crime that was not in the indictment. The defendant also contends that error was committed by

the lower court in sentencing him when the record showed that there was not a written jury waiver executed by the defendant and also that he was denied due process of law and the equal protection of the law by the lower court in not giving him a fair trial and a hearing. While not assigned as error in his brief, the defendant complains because the court did not hear evidence in aggravation or mitigation of the offense to which he pleaded guilty before sentence.

The first alleged error that the common-law record does not show the convening of the court, list of the grand jurors, and *placita,* is not well taken. The additional abstract of record discloses the *placita,* shows that the grand jury was summoned and impanelled as required by law and shows that the court was duly convened.

In the case of *People* v. *Lisle,* 390 Ill. 327, the defendant entered a plea of guilty to forgery and after being sentenced sought to have the same set aside by writ of error because the plea of guilty was obtained by deceit, trickery and promises. There was nothing in the record to support these charges and we stated in that case that the common-law record imports verity and, there being no showing from the record that there was any deceit, trickery or promises made to induce the plea of guilty, the judgment of the lower court should be affirmed. We can find from the record in the case at bar no evidence of any alleged promise or agreement between the defendant, his counsel and the State's Attorney. It appears from the record that on July 17, 1944, at the time of his arraignment the defendant was represented in open court by counsel and that he pleaded not guilty after being furnished with a copy of the indictment, list of the witnesses and jurors. It appears that the cause was ordered continued until August 2, 1944, and that on that date the defendant was present at court together with his attorney and that he asked leave to withdraw his plea of not guilty

to the crime of rape and enter his plea of guilty to assault with intent to commit rape. The record shows that he was admonished as to the consequences of his plea but that he persisted in said plea of guilty and that sentence was imposed. It appears that the defendant was represented, both at the time of his arraignment and at the time of the plea of guilty, by counsel of his own choice. Having had the consequences of his plea explained to him and having persisted therein, it appears that his rights were protected and that he was in no manner imposed upon. In the light of these facts, his bald statement that there was an agreement regarding his changing his plea cannot be considered.

The defendant next contends that it was error for the court to sentence him for the crime of assault with intent to commit rape when the indictment contained only one count, namely, forcible rape. In the case of *People* v. *Shelton,* 388 Ill. 56, this court held that where an indictment charged statutory rape and a jury found the defendant guilty of assault with intent to commit rape, a conviction and sentence would be affirmed. In *People* v. *Moore,* 276 Ill. 392, a defendant charged with rape was found guilty of assault with intent to rape and the judgment was affirmed. In the case at bar the sentence was proper.

Defendant has also contended that inasmuch as he did not execute a waiver of trial by jury he was denied a hearing and improperly sentenced. This court has previously held that where a plea of guilty is entered the same constitutes a waiver of trial by jury. (*People* v. *Braner,* 389 Ill. 190; *People* v. *Corrie,* 387 Ill. 587.) In view of the fact that the record shows the defendant was present in open court, together with his attorney, at the time he changed his plea of not guilty to guilty of assault with intent to commit rape, it appears that he fully understood the consequences of his action. The record recites

that the court admonished him as to the effect and consequences of such a plea and that he still persisted in the plea of guilty. Certainly, understanding the consequences of his actions the defendant cannot now complain that error has been committed by the failure of the court to have him sign a waiver of trial by a jury in writing.

.The last error urged by the defendant was that the court should have heard evidence in aggravation or mitigation of the offense before imposing sentence as provided in section 4 of division XIII of the Criminal Code. (Ill. Rev. Stat. 1945, chap. 38, par. 732.) The record does not disclose any request by the defendant wherein he offered evidence or attempted to offer evidence in mitigation of the offense. Likewise, it appears that the State's Attorney did not offer any evidence or attempt to offer any evidence in aggravation of the offense. The defendant does not point out in his argument that there was any evidence in mitigation of the offense and he does not assert that he was denied the opportunity to present such evidence. Therefore, as we have previously held in *People* v. *Conn,* 391 Ill. 190, the record in this case does not disclose whether his counsel or the State's Attorney requested such evidence. Where neither party makes such request, such examination will be held to be waived.

A careful review of the record and the arguments made by the defendant, together with a thorough consideration of the errors upon which he seeks a reversal, does not indicate to this court that he has been denied due process of law or that he has been denied the equal protection of the law. On the contrary, it appears that he was ably represented throughout the entire proceeding by counsel and that he was in no way coerced or hurried into any action.

The judgment of the circuit court of Vermilion county is affirmed.

*Judgment affirmed.*