(No. 35636.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES FINLEY, Plaintiff in Error.

*Opinion filed September 22, 1961.*

526

Donald C. Ames, of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and John T. Gallagher and Leo F. Poch, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

The defendant, James Finley, was indicted in the criminal court of Cook County for the crime of rape. He pleaded not guilty and upon waiving a jury was tried before the court, found guilty, and sentenced to the penitentiary for a term of twenty years.

The prosecuting witness testified that about 1 A.M. on April 20, 1959, the defendant entered the apartment occupied by her and her husband and shined a flashlight upon them while they were in bed. The apartment consisted of two adjoining rooms, a kitchen and bedroom, in a

building located at 3526 Prairie Avenue in Chicago. Startled by the beam of light, she aroused her husband who, after jumping from the bed and struggling with the defendant, was severely beaten about the face and head with the flashlight. The defendant, who was also brandishing a knife, then made the prosecutrix's husband stand in the adjoining kitchen while he assaulted her in the bedroom.

Her husband testified that he and his wife were in bed when she aroused him and said that a man was in their apartment with a flashlight; that upon jumping out of bed the defendant "put the butcher knife on me." He attempted to take the knife from the defendant, and in the ensuing scuffle cut his hand and was knocked down by blows from the flashlight. He was then told by the defendant to get up and go into the kitchen to wash his face, which apparently was bleeding. The defendant, while still in possession of the knife, then had sexual intercourse with the wife, and the husband testified he was afraid to enter the bedroom.

The prosecutrix and her husband testified that after the commission of the sex act the defendant took from the apartment a portable radio, a hunting knife, a pair of gloves, cuff links, a tie clasp, a bottle of shaving lotion and a perfume bottle. Within approximately fifteen minutes after the defendant left the apartment, they called the police and the prosecutrix told them she had been raped, her house burglarized, and her husband seriously beaten. Both testified they had never seen the defendant prior to the early morning hours of April 20, 1959.

The defendant admitted being in the apartment at the time of the crime, but denied that he attacked the complaining witness and gave a different version of the happenings and events leading thereto. He testified that he had known the prosecutrix prior to April 20, 1959; that he had sold her a portable radio on April 2, 1959, and the shaving lotion, perfume, and cuff links at a night club about 9 P.M. on the

evening of April 19, 1959, but that she had not paid him for any of the articles, including the radio. He further testified that the prosecutrix, during their conversation on the evening of April 19, 1959, told him that she would be home around midnight and that he should come to her apartment for the money. He said that he then went home and slept until about 1:30 A.M. on April 20, 1959, when he went to her apartment, knocked on the door and was admitted by the prosecutrix. After being told that she did not have the money, he asked to talk to her husband who, upon seeing him in the bedroom, ordered him out and then scrambled from his bed to the kitchen where he grabbed a butcher knife and proceeded to attack him.

Raymond Krall, one of the arresting police officers, testified that about 2:15 in the morning of April 20, 1959, he and two other police officers saw the defendant walking along the street at 34th and Indiana carrying a portable radio under his arm and that two knives were protruding from his pocket. Upon arresting him they found on his person the articles taken from the apartment. He was taken to the 29th District Station where he was identified in a lineup of seven men by both the complaining witness and her husband.

On cross-examination the defendant testified he told the arresting officers the same story he gave at the trial, denied that he told them he had purchased the portable radio from a man named Willie Smith at 35th and Indiana, and denied telling them he did not know the prosecutrix or her husband. In rebuttal officer Krall testified that the defendant told him and the other two officers that he bought the radio from a man named Willie Smith at 35th and Indiana, but upon going to that address they found nobody around. Officer Krall further testified that the defendant denied knowing the prosecutrix or her husband and, in fact, denied everything other than buying the radio from a Willie Smith.

Reviewing courts are especially charged with the duty to

examine carefully the evidence in rape cases. It is the further duty of a reviewing court, where a verdict is returned by a jury in criminal cases or where a similar finding is made by a court where a jury has been waived, not only to consider carefully the evidence but to reverse the judgment if the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt and is not sufficient to create an abiding conviction that he is guilty of the crime charged. (*People* v. *Scott,* 407 Ill. 301.) It is equally true, however, that where a case is tried by the court without a jury, the determination of the credibility of the witnesses and the weight to be accorded their testimony is committed to the trial judge; and, unless it can be said that the court's judgment is found to rest on doubtful, improbable or unsatisfactory evidence, or clearly insufficient evidence, a reviewing court will not substitute its judgment for that of the court below even though evidence regarding material facts is conflicting and irreconcilable. *People* v. *West,* 15 Ill.2d 171.

The trial judge's finding of guilty necessarily means that he was convinced the use of force by the defendant and lack of consent on the part of the prosecutrix was proved beyond a reasonable doubt. We agree with that conclusion. The only reasonable inference that can be drawn from the defendant's unwarranted intrusion into the apartment, the beating administered the husband with a flashlight, and the brandishment of a knife at all times, even during the act of intercourse, is that physical resistance or outcry by the prosecutrix would not only have been futile, but might have resulted in serious bodily harm or death to either or both the prosecutrix or her husband. Threat of force and the consequent fear engendered in the mind of the person being threatened may well produce a result more severe than the use of physical force.

The record in this case compels the conclusion that the real issue is not, as the defendant claims, the sufficiency of

the evidence to prove beyond a reasonable doubt the use of force by the defendant and lack of consent by the prosecutrix, but rather the credibility of the witnesses. The prosecutrix's testimony, at least as to the act of rape, was corroborated by her husband. Her complaint to the police within fifteen minutes after the occurrence, although not competent to prove the rape, is corroborative of her testimony to the commission of the crime. (*People* v. *Scott*, 407 Ill. 301.) Furthermore, the defendant's testimony was rebutted by officer Krall and the introduction into evidence of a previous conviction of the crime of burglary was a matter of impeachment.

Upon examination of the entire record, we cannot say the trial court's finding was based on improbable or insufficient evidence nor can we find fault with its determination of credibility.

The contention that waiver of closing argument by defendant's counsel amounted to an incompetent handling of his trial duties is without merit. See *People* v. *Stephens*, 6 Ill.2d 257.

The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*