The People of the State of Illinois, Plaintiff-Appellee, *v.* Ramon A. Moreno, Defendant-Appellant.

(No. 58181;

First District (4th Division)—March 13, 1974.

James J. Doherty, Public Defender, of Chicago (Leonard V. Solomon, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant was indicted for the crimes of rape, indecent liberties with a child, and contributing to the sexual delinquency of a child. After a bench trial, the defendant was found guilty of the lesser included crime of attempt rape. The court sentenced the defendant

to 3 years probation, with the first year to be spent in the Work Release Program of the Cook County Department of Corrections.

The issues presented on appeal are (1) whether the testimony of the complaint was sufficiently clear and convincing to prove the defendant guilty beyond a reasonable doubt; (2) whether the testimony of the complainant was sufficient to sustain the finding of guilty beyond a reasonable doubt despite defendant's alibi evidence; and (3) whether the conduct and comments of the trial judge were consistent with a finding of guilt beyond a reasonable doubt.

On December 14, 1971, at approximately 5:15 P.M., Colleen Baiocchi, age 14, was walking south on Clark Street toward her home. As Miss Baiocchi approached the intersection of Clark and Montrose she observed a young man walking ahead of her. The young man turned around, looked as Miss Baiocchi, then continued walking ahead of her. Shortly thereafter, the young man stopped, knelt down, and began tying his shoe. Miss Baiocchi kept walking, and as she passed him she was able to clearly observe the right side of the young man's face. When Miss Baiocchi had walked another three-quarters of a block, someone came up behind her, put a knife to her neck, and told her in a soft voice she would not get hurt if she went with him into an adjacent alley. The assailant forced Miss Baiocchi into a gangway underneath a porch in the alley, making her face the wall. He ordered her to remove her slacks, and when she began crying he forcibly pulled her slacks down. The victim, who had not had sexual intercourse prior to the date in question, believed the assailant then had sexual intercourse with her, although at trial she was somewhat confused as to whether penetration had occurred. Just prior to the sexual contact, Miss Baiocchi turned around and saw her attacker's face. She recognized the attacker as being the same person she had just seen on the corner and whom she had just passed a few moments before. The incident was subsequently reported to the police. One week after the attack Miss Baiocchi picked the defendant's picture out of over 1,000 photographs she viewed. She informed the police, however, that she could not be completely positive until she could see the defendant in person and hear him speak. On January 7, 1972, at a police line-up, Miss Baiocchi positively identified the defendant, Ramon Moreno, as her attacker. The defendant was thereafter brought to trial. At the close of all the evidence, the court found the testimony of the complainant to be "clear and convincing." The only element the court believed was not proven beyond a reasonable doubt was that of penetration. Accordingly, the court found the defendant guilty of the lesser included offense of attempt rape and entered judgment on that finding. The defendant was sentenced to 5 years probation

with the first year of his probation period in the Cook County Department of Corrections System in the Work Release Program.

The defendant's first contention is he was not proved guilty beyond a reasonable doubt since the identification of him by the complaining witness was vague and uncertain. The defendant bases his contention on the decision in *People v. Cullotta* (1965), 32 Ill.2d 502, 504, wherein the Illinois Supreme Court stated:

"We have reiterated the rule that a conviction cannot be deemed to be sustained by evidence beyond a reasonable doubt if the identification of the accused was vague, doubtful, and uncertain."

The defendant further contends Miss Baiocchi's selection of his picture out of over 1,000 photographs implanted the image of the defendant in the mind of the complainant as her attacker. Defendant argues this identification was unreasonably suggestive. He cites the decision in *People v. Calhoun* (1973), 11 Ill.App.3d 600, wherein the appellate court held that the State must prove the uninfluenced origin of the in-court identification by clear and convincing evidence.

■■ We believe the identification testimony of the complainant was sufficiently clear and convincing to prove the defendant guilty beyond a reasonable doubt. The identification of the defendant by the complainant was based on three separate and distinct opportunities to observe the defendant for short periods of time. The circumstances under which Miss Baiocchi was able to observe the defendant do not make her identification vague and uncertain. Rather, Miss Baiocchi had more than adequate opportunity to closely observe the defendant and her identification based on these observations is sufficient to warrant the trial court's finding of guilty beyond a reasonable doubt. We cannot find a basis for saying the verdict was palpably contrary to the manifest weight of the evidence so as to cause a reasonable doubt of the defendant's guilt. (*People v. Daily* (1968), 41 Ill.2d 116.) Miss Baiocchi's identification of the defendant at the police line-up was not suggestive, but rather wholly independent of the viewing of the photographs. In *People v. Moore* (1972), 51 Ill.2d 79, the Illinois Supreme Court held that a rape victim's tentative identification of a photograph of defendant and her subsequent positive identification of defendant at a preliminary hearing did not taint the identification. The court stated at page 86:

"The record shows a sufficient basis for an identification wholly independent of the viewing of the photographs and her seeing the defendant in person at the preliminary hearing is shown to have merely confirmed her identification from the photograph."

The defendant contends next that his alibi evidence raised a reasonable doubt as to his guilt. The defendant at trial produced two witnesses

who testified the defendant was at a different place on the date and time in question. The defendant relies on the decision in *People v. Gooden* (1949), 403 Ill. 455, wherein the Illinois Supreme Court held that in a criminal case the burden rests upon the People not only to prove beyond a reasonable doubt the commission of the crime charged but also to establish by the same degree of proof the perpetration of the crime by the person accused.

We believe the identification testimony of the complainant was sufficient to sustain the finding of guilty beyond a reasonable doubt despite defendant's alibi evidence. The general rule for determining whether a verdict based on an identification contradicted by an alibi should be disturbed is well stated in *People v. Knowles* (1970), 130 Ill.App.2d 78:

> "The testimony of one witness, if it is positive and the witness credible, is sufficient to sustain a conviction even though that testimony is contradicted. [Citations.] The adequacy of an identification raises a question of the credibility of the witnesses which is a matter for determination by the trier of fact, who has a superior opportunity not only to hear the testimony of the witnesses but to observe their demeanor on the stand. [Citations.] A reviewing court will not reverse on this ground unless the testimony is so unsatisfactory as to create a reasonable doubt of the defendant's guilt."

In the instant case, the identification testimony of Miss Baiocchi was clear and convincing, while the evidence presented by the defendant contained several discrepancies. Therefore, the judgment of the trial court should not be disturbed.

The defendant finally contends the conduct and comments of the trial judge reflect an uncertainty as to whether the defendant was proven guilty beyond a reasonable doubt. Defendant cites two instances in support of his contention. First, the court's reduction of the crime from rape to attempt rape; second, the seeking of advice on sentencing from the father of the complainant.

■■ The defendant's contention is without merit. The court's judgment resulted from the uncertainty of the victim on the issue of whether penetration occurred. Since the court determined the element of penetration had not been proven beyond a reasonable doubt, it could not find the defendant guilty of the crime of rape as charged. The missing element did not, however, affect the evidence the defendant attacked the complainant and forced her to submit to his sexual advances. It was entirely proper, therefore, for the court to find the defendant guilty of the lesser included crime of attempt rape for which all elements were proved. Ill. Rev. Stat. 1971, ch. 38, § 2—9.

■■ During the hearing in aggravation and mitigation the trial court asked the complainant's father if he had any comments. Such a procedure does not reflect any judicial uncertainty as to the guilt of the defendant. It was simply a matter of courtesy for the court to seek the views of the father of the complainant.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.