THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SYLVESTER SMALLEY, Defendant-Appellant.

First District (1st Division)   No. 76-478

Opinion filed October 25, 1976.

LeRoy L. Bianchi, of Schaumburg, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, James S. Veldman, and James B. Davidson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

Sylvester Smalley, the defendant, was indicted for rape and unlawful restraint. In a bench trial, the court found defendant not guilty of rape, but guilty of unlawful restraint of the complainant and also of intimidation as a lesser included offense of rape. The defendant was sentenced to 2 to 6 years for intimidation. He was not sentenced for unlawful restraint.

■■ The evidence was sufficient to establish that the defendant intimidated the complainant into engaging in sexual intercourse with him by taking a gun out of his pocket and showing it to her, and then telling complainant that if she did not do what he wanted her to do, he was going to shoot her "full of dope."

The sole issue raised by this appeal is whether intimidation (Ill. Rev. Stat. 1973, ch. 38, par. 12—6) is a lesser included offense (Ill. Rev. Stat. 1973, ch. 38, par. 2—9) of rape (Ill. Rev. Stat. 1973, ch. 38, par. 11—1). No case has been found in which an Illinois reviewing court has decided this question. Illinois courts have indicated that attempt rape (*People v. Moreno* (1974), 18 Ill. App. 3d 347, 309 N.E.2d 792), assault with intent to commit rape (*People v. Davis* (1957), 10 Ill. 2d 430, 140 N.E.2d 675, *cert. denied*, 355 U.S. 820; *People v. Anderson* (1947), 397 Ill. 583, 74 N.E.2d 693, *cert. denied*, 333 U.S. 833; *People v. Shelton* (1944), 388 Ill. 56, 57 N.E.2d 473), and indecent liberties with a child (*People v. Butler* (1973), 11 Ill. App. 3d 759, 298 N.E.2d 303), are lesser included offenses of rape for which a defendant indicted for rape could be convicted.

The test of what constitutes a lesser included offense than one charged was set forth in *Prindiville v. People* (1866), 42 Ill. 217, 220, where the court said:

"And, from all of the authorities, we are satisfied, that the general rule is, that, where a higher and more atrocious crime fully embraces all of the ingredients of a lesser offense, and when the evidence requires it, the jury may convict of the latter. Where, to convict of the higher offense, the prosecutor must prove every fact necessary to constitute the smaller offense, together with the additional facts which make it the higher offense, before he can have a conviction, then the jury, if the facts warrant it, may convict of the less offense."

The test was restated in *People v. King* (1966), 34 Ill. 2d 199, 200, 215 N.E.2d 223, 224, in the following language:

" \* \* \* to permit conviction for a lesser offense on an indictment charging only a greater offense, all the elements of the lesser must be included within the greater."

The Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 2—9) defines "Included Offense" as:

"Included offense" means an offense which

(a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged, or

(b) Consists of an attempt to commit the offense charged or an offense included therein."

■■ Rape can be established by the threat of force which coerces a female to engage in sexual intercourse as well as by the actual use of force. (*People v. Elder* (1962), 25 Ill. 2d 612, 186 N.E.2d 27, *cert. denied*, 374 U.S. 814; *People v. Finley* (1961), 22 Ill. 2d 525, 177 N.E.2d 149, *cert. denied*, 368 U.S. 1003.) In fact, in the rape context the communication of a threat of force is inherent in the use of force. Intimidation consists of the communication of a threat to inflict physical harm on another person to coerce that person to perform an act. (Ill. Rev. Stat. 1973, ch. 38, par. 12—6(a)(1); *People v. Gallo* (1973), 54 Ill. 2d 343, 297 N.E.2d 569.) Sexual intercourse qualifies as such an act. Thus, communication of a threat of force is an element of both intimidation and rape.

■■ Defendant argues that intimidation cannot be a lesser included offense of rape because the rape statute provides that an unconscious or mentally deranged woman incapable of responding to or understanding a threat of force can be the victim of rape. The rape statute by definition declares that sexual intercourse with an unconscious or mentally deranged woman is "by force." Thus, defendant contends that because every rape does not require proof of a communication of a threat of force, intimidation cannot be a lesser included offense of rape. However, it is impossible to rape a conscious and mentally competent woman without communicating a threat of force to her, since, as we have noted, where a conscious and competent woman is the victim, the use of force inherently communicates the threat of force. The statutory definition of "Included Offense" must be applied to the facts before us, and the defendant's arguments relating to an unconscious or mentally deranged woman are completely theoretical in the context of the factual situation presented by this case. To establish guilt of a lesser included offense, it is only necessary that its elements are included in the greater offense. It is sufficient if the elements of intimidation are included in rape when the victim, as in this

case, is conscious and competent rather than unconscious or mentally deranged.

The evidence is sufficient to support the conclusion of the trier of fact that the defendant did not, as he claimed, seduce the complainant, but instead intimidated her by threatening to physically harm her, and that he did this with the intent of causing her to submit to sexual intercourse. This constitutes a lesser included offense within the greater offense of rape. In *People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499, the court held that it is unnecessary to indict a defendant for a lesser included offense when the greater offense is alleged in the indictment. Defendant was properly found guilty of intimidation pursuant to the rape indictment, and his conviction of that offense should be affirmed.

■■ Although the issue was not raised by either the defendant or the State, defendant should not have been convicted of both unlawful restraint and intimidation as both convictions arose out of the same conduct and were founded on a single act of the defendant. (*People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819; *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.) To correct this error we exercise the power granted by Supreme Court Rule 615(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)) to reverse the conviction for unlawful restraint.

The conviction and sentence for the offense of intimidation are affirmed. The conviction for unlawful restraint is reversed.

Affirmed in part, reversed in part.

GOLDBERG, P. J., and O'CONNOR, J., concur.