THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS LATHAM, Defendant-Appellant.

Fifth District   No. 77-568

Opinion filed May 4, 1979.—Supplemental opinion filed on denial of rehearing
June 19, 1979.

G. MORAN, P. J., dissenting.

Michael J. Rosborough, John H. Reid, Linda G. Kuecker, and Phillip A. Kramer, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (James E. Hinterlong and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant Thomas Latham appeals from the judgment of guilty and sentence of 4 to 8 years imprisonment following the entry of an unnegotiated plea of guilty to the offenses of conspiracy to commit murder and solicitation to commit murder. Defendant argues that the plea was not voluntarily and intelligently entered and that the court erred in imposing the 4- to 8-year sentence.

The factual basis for the plea reveals that a Mrs. Jack Foster wanted her husband killed in order to collect the proceeds of an insurance policy on the life of her husband. Defendant participated in this scheme and was arranging for the hiring of a contract killer when the police arrested both Mrs. Foster and defendant. Mrs. Foster had been willing to share the insurance proceeds with defendant and the killer.

At the guilty plea hearing, defendant's retained counsel stated that defendant was entering an unnegotiated plea of guilty to both offenses. The court admonished defendant of the nature of the charge and his rights pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402) and determined that the plea was voluntarily and under-standingly entered. In explaining the minimum and maximum terms the court stated:

> "Solicitation is Class I, Conspiracy is Class II felony. A Class I felony carries a possible punishment of not less than four years, upward * * * . A Class II felony carries a possible punishment of

not less than one year nor more than twenty years or multiples thereof, like 5 to 15, 6 to 18 * * * ."

It was defense counsel's understanding, and the trial court agreed, that solicitation and conspiracy were "included" offenses and that defendant would be sentenced on only one of these crimes. Throughout these proceedings, however, it was not clear which of these two offenses the parties and the court believed was the lesser included offense.

At the sentencing hearing, the trial court imposed the 4- to 8-year term without stating on which charge defendant was being sentenced. The mittimus reflected that only one sentence was imposed, although it revealed that defendant was guilty of both offenses.

Defendant thereafter filed a motion to set aside the guilty plea and reconsider the sentence. At the hearing on this motion, defense counsel stated that defendant had informed him that he did not fully understand the guilty plea proceedings. After evidence was heard, the trial court denied the motion.

■■ We first note that the trial court imposed only one sentence when defendant pleaded guilty to two offenses. At the guilty plea hearing, defense counsel stated a belief, with which the trial court concurred, that the crimes of solicitation and conspiracy were included offenses which mandated only one sentence. Defendant argues in his brief that, as the alleged offenses arose out of the same course of acts and conduct, this court must find the presence of a lesser included offense. On appeal, defendant argues that solicitation is a lesser included offense of conspiracy. *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838 (1977), *cert. denied* (1977) 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, cited by both parties, makes it clear that two or more offenses are not necessarily lesser included crimes just because they arise out of a series of incidental or closely related acts. To constitute a lesser included offense:

"[I]t is necessary that the greater offense include every element of the lesser offense plus one or more other elements. [Citations.] To say this another way, a lesser included offense, sometimes referred to as a 'necessarily included offense,' is one composed of some, but not all of the elements of the greater offense, and which does not have any element not included in the greater offense [citation] so that it is impossible to commit the greater offense without necessarily committing the lesser offense." (*People v. Delk*, 36 Ill. App. 3d 1027, 1041, 345 N.E.2d 197, 209 (5th Dist. 1976).)

It is obvious that neither solicitation nor conspiracy is a lesser included offense of the other. The elements comprising these two offenses contain a critical difference. To prove the offense of solicitation, the State must show that an individual, with the intent that an offense be committed,

requests another to commit that offense. (Ill. Rev. Stat. 1975, ch. 38, par. 8—1(a).) To prove a conspiracy, the State must show that an individual agrees with another to commit an offense and then performs an act in furtherance of the conspiracy. Ill. Rev. Stat. 1975, ch. 38, par. 8—2(a).

■■ Our finding that the crimes to which defendant pleaded guilty are not included offenses would under normal circumstances necessitate a sentence for both violations. In the present situation, however, it appears that defendant entered a plea of guilty on the belief that he would be sentenced on only one offense. Not only did defense counsel and the trial court agree with this proposition, but the State, in its brief, seems willing to concede the existence of a tacit agreement which provided for defendant pleading guilty to two offenses but being sentenced on only one. In light of this plea arrangement which, we emphasize, arose out of the misconception of the parties that either solicitation or conspiracy was a lesser included offense, it was therefore proper for the court to sentence defendant on only one offense in accordance with the parties' agreement.

Defendant, however, contends that his plea was not voluntarily and intelligently entered, and consequently argues that the original 4- to 8-year sentence cannot stand. Defendant, apparently believing that he was sentenced on the offense of solicitation to commit murder, argues that the trial court misinformed him that the mandatory minimum sentence for that offense was four years, when, in fact, there is no minimum term.

Subparagraph (b) of section 8—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 8—1(b)) was the sentencing provision for a solicitation conviction:

> "A person convicted of solicitation may be * * * imprisoned * * * not to exceed the maximum provided for the offense solicited: Provided, however, the penalty shall not exceed the corresponding maximum limit provided by subparagraph (c) of Section 8—4 of this Act [attempt] * * *."

Subparagraph (c) of section 8—4 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 8—4(c)) provided that:

> "A person convicted of an attempt may be * * * imprisoned * * * not to exceed the maximum provided for the offense attempted but * * *
>
> > (1) the sentence for attempt to commit murder shall not exceed the sentence for a Class I felony * * *."

■■ The statutory language is clear that the legislature provided for a maximum sentence for an individual convicted of solicitation to commit murder. As no reference is made to a minimum term, the minimum sentence was to be determined with the discretion of the trial court. This construction of the statute comports with our supreme court's interpretation of the maximum and minimum sentence for a defendant

convicted of attempted murder, which offense contains sentencing provisions similar, if not identical, to those for solicitation to commit murder. (See *People v. Moore*, 69 Ill. 2d 520, 372 N.E.2d 666 (1978); *People v. Athey*, 43 Ill. App. 3d 261, 356 N.E.2d 1332 (4th Dist. 1976).) In both *Moore* and *Athey*, the trial courts believed that the minimum sentence for attempted murder was four years and sentenced the defendants accordingly. The supreme court in *Moore* and the appellate court in *Athey* held that the trial courts were mistaken that a minimum sentence of 4 years was required as a matter of law and remanded the cases for resentencing.

■■■ In the present case, the trial court incorrectly informed defendant of the minimum sentence for a conviction of solicitation to commit murder. While it is clear that defendant received erroneous information, it is not clear whether it resulted in any prejudice to defendant. The trial court neglected to state for which crime defendant was sentenced. If the trial court had sentenced defendant for conspiracy, no prejudice could arise; however, if the trial court had sentenced him for solicitation, the existence of prejudice becomes a possibility. We are aware that when a trial court informs a defendant that the minimum sentence is less than it actually is, a guilty plea cannot be intelligently and understandingly entered. (See *People v. Fred*, 17 Ill. App. 3d 730, 308 N.E.2d 219 (4th Dist. 1974).) But, in situations like the one presented here, where the trial court advises a defendant that the minimum sentence is greater than it actually is, prejudice can arise only if the trial court imposes a sentence which it erroneously believes to be the minimum term. Even if we were able to determine that the trial court sentenced defendant for solicitation rather than conspiracy, we would not be able to detect the existence of prejudice as the trial court failed to articulate whether a minimum sentence was being imposed. Accordingly, if the trial court believed that it was sentencing defendant to a minimum term on the offense of solicitation to commit murder, it may readjust the sentence.

For the reasons stated, this case is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

KUNCE, J., concurs.

Mr. PRESIDING JUSTICE GEORGE J. MORAN, dissenting:

Since the defendant did not knowingly and understandingly plead guilty in this cause, I would remand this cause and allow the defendant to plead anew.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING.

Mr. JUSTICE KARNS delivered the opinion of the court:

■■ Several points have been raised in defendant's petition for rehearing which we believe warrant modification of our original opinion.

Defendant originally contended that his plea was not voluntarily and intelligently entered because he was misinformed of the minimum term of solicitation to commit murder and that, therefore, the 4- to 8-year sentence could not stand. He apparently did not argue, nor did we find, that the trial court's admonishments under Supreme Court Rule 402 were otherwise deficient. He also argued that he was sentenced on the offense of solicitation and consequently argued that the misinformation resulted in prejudice to defendant.

In his petition for rehearing, defendant has relinquished his argument that the guilty plea was not intelligently and understandingly entered, thereby conceding that there is no basis for the withdrawal of the plea. He does argue that he is entitled to a new sentencing hearing. We agree.

It is clear that the trial court misinformed defendant of the minimum sentence for solicitation to commit murder; however, it is not clear whether defendant was sentenced for solicitation or for conspiracy. Had defendant been sentenced for solicitation as originally asserted by defendant, the trial court, we admit, imposed what it erroneously believed was a minimum mandatory term. Therefore, under the reasoning of *Moore* and *Athey*, the case must be remanded for resentencing.

If defendant had been sentenced for conspiracy and not solicitation, it is likewise clear that the 4- to 8-year sentence cannot stand. The minimum sentence for conspiracy, a Class 2 felony, must not exceed one-third of the maximum term as set by the court. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(c)(3).) While defendant was properly admonished of the sentencing possibilities for a Class 2 felony, he was not sentenced within the statutory limitations.

We therefore reverse and remand this case to the trial court with instructions to state upon which offense defendant was sentenced and to conduct a new sentencing hearing consistent with this supplemental opinion.

Reversed and remanded.

KUNCE, J., concurs.

Mr. PRESIDING JUSTICE GEORGE J. MORAN, dissenting:

I do not agree that the defendant has conceded in his petition for rehearing that his guilty plea was intelligently and understandingly

entered. I still believe this case should be remanded to allow the defendant to plead anew.