THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LEE MAYS, Defendant-Appellant.

Third District    No. 79-108

Opinion filed February 19, 1981.

BARRY, J., dissenting.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Terry Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Following a jury trial, defendant, Robert Lee Mays, was found guilty of rape. Defendant was charged by information with rape in that he was alleged to have had forcible sexual intercourse with Vicki Dahlstrom, a

female who was not his wife, on July 6, 1978. At trial Dahlstrom testified that she had met Mays for the first time in a bar on the evening of July 5, 1978. When the bar closed at 1 a.m., she agreed to give him a ride to another bar a few blocks away. Dahlstrom testified that when they pulled into the parking lot of the bar, defendant grabbed the car keys, beat her, and raped her.

Defendant testified that while he and Dahlstrom had been at the first bar they had talked about his obtaining some "dope" for her. Defendant testified he had had no intention of getting her any "dope" but was conning her, intending to simply take her money. He stated that when they got to the parking lot of the second bar, Dahlstrom stated she wanted the drugs. She gave defendant about $200. She then said she wanted the money back, and he hit her. He also testified that he had known her prior to the incident.

Other witnesses also testified for the State and the defense. After both sides had rested, a jury instructions conference was held. The defense tendered an instruction for battery, arguing that battery was a lesser-included offense of rape. The State objected to the instruction, contending it was not a lesser-included offense. The trial court sustained the objection and refused to instruct the jury on the offense of battery.

After the conclusion of the jury instructions conference, the cause proceeded to closing arguments by counsel. Stenographic note taking of the closing arguments was waived by counsel in lieu of a tape recording of these arguments. However, the tape recorder malfunctioned and no record of the closing arguments exists.

On appeal, defendant raises two issues: (1) whether or not the court's refusal to issue the tendered battery instruction was reversible error; and (2) whether the record on appeal is insufficient for an adequate review of defendant's allegations of prosecutorial misconduct during closing argument.

We hold that the failure to give the tendered battery instruction is reversible error. In *People v. Pettus* (1980), 84 Ill. App. 3d 390, 405 N.E.2d 489, the court held that battery is a lesser included offense of attempt (rape), stating that the charge of attempt (rape) includes acts sufficient to sustain a charge of battery. By proof of the greater offense, the lesser is necessarily established. Attempt (rape) is a lesser included offense of rape. Since battery is a lesser included offense of attempt (rape), then it must of necessity be a lesser included offense of rape.

In *People v. Houck* (1977), 50 Ill. App. 3d 274, 365 N.E.2d 576, the court held that "[a]s an abstract principle, battery may be viewed as a lesser included offense of rape * * *." The basis for this statement is found in the definitions of battery and included offense. The Illinois Criminal Code of 1961 defines battery as:

"(a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." (Ill. Rev. Stat. 1977, ch. 38, par. 12—3.)

Included offense is defined as:

" 'Included offense' means an offense which (a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged, * * *." (Ill. Rev. Stat. 1977, ch. 38, par. 2—9.)

As is readily seen, the same facts that will establish rape will of necessity establish battery.

In *Houck* the court held the defendant's theory of defense precluded the possibility of battery as a lesser-included offense. There the defendant admitted having had intercourse with the complainant but had raised the defense of consent. Thus, under the defendant's theory, if the complainant had consented, then defendant was not guilty of battery either.

That is not the situation in the case at bar. In the case at bar, defendant did not admit to having had intercourse with the complainant but instead claimed to only have hit her. This situation is directly analogous to the situation in *People v. Smalley* (1976), 43 Ill. App. 3d 600, 357 N.E.2d 93. In *Smalley* the defendant was charged with raping the complainant after having intimidated her. The defendant contended that although he had intimidated her, he had not had intercourse with her. The defendant was found not guilty of rape and guilty of intimidation as a lesser-included offense. On appeal, the court held that where the defendant is charged with having achieved rape by intimidation, then the crime of intimidation is a lesser included offense. By analogy, in the instant case, where the defendant is charged with rape by the use of force, then the crime of battery must be considered as a lesser-included offense. Therefore, refusing to give the tendered instruction was error.

The court's refusal to give this instruction prejudiced the defendant in that it did not permit him to present his theory of defense in the case. The jury, having heard the defendant admit he beat the complainant, had to find him guilty of rape or let him go free. Under such a choice they could well have decided to convict him of rape even if they did not believe he had had intercourse with her, rather than let him go free. Therefore, the refusal to give the battery instruction was prejudicial. Because we reach this holding in the first issue, we need not reach the issue of whether an adequate record exists on appeal.

For the above mentioned reasons the judgment of the circuit court of

Rock Island county is reversed and the cause remanded for a new trial consistent with the holdings of this opinion.

Reversed and remanded.

ALLOY, P. J., concurs.

Mr. JUSTICE BARRY, dissenting:

I respectfully dissent from the opinion of the majority. I agree that a defendant is entitled to an instruction on a lesser-included offense if there is evidence in the record which, if believed by a jury, would reduce the crime to a lesser included offense (*People v. Dunagan* (1979), 71 Ill. App. 3d 972, 389 N.E.2d 1261; *People v. Simpson* (1978), 57 Ill. App. 3d 442, 373 N.E.2d 809, *aff'd* (1978), 74 Ill. 2d 497, 384 N.E.2d 373. See *Beck v. Alabama* (1980), 444 U.S. 897, 62 L. Ed. 2d 132, 100 S. Ct. 2382.) However, I believe that the instruction tendered by the defendant in this case was not with regard a lesser included of the offense charged, and was properly refused.

In *People v. Latham* (1979), 73 Ill. App. 3d 995, 997, 392 N.E.2d 43, 45, the Fifth District Appellate Court noted that *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273,

> " * * * makes it clear that two or more offenses are not necessarily lesser included crimes just because they arise out of a series of incidental or closely related acts. To constitute a lesser included offense:
>
>> "[I]t is necessary that the greater offense include every element of the lesser offense plus one or more other elements. [Citation omitted]. To say this another way, a lesser included offense, sometimes referred to as a 'necessarily included offense,' is one composed of some, but not all of the elements of the greater offense, and which does not have any element not included in the greater offense [citation omitted], so that it is impossible to commit the greater offense without necessarily committing the lesser offense." *People v. Delk* (1976), 36 Ill. App. 3d 1027, 1041, 345 N.E.2d 197, 209.

The Illinois battery statute provides that "[a] person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." (Ill. Rev. Stat. 1979, ch. 38, par. 12—3(a).) Thus, in this State a battery can be

356

committed in one of two ways: by intentionally or knowingly causing bodily harm to the victim, or by intentionally or knowingly making physical contact of an insulting or provoking nature. The defendant's offered instruction No. 5 was an instruction on the crime of battery caused by bodily harm.[1] Although I would concede that given the nature of the crime of rape, a battery in the form of an insulting or provoking physical contact is always a lesser-included offense, it does not follow that the same is true for a battery based upon bodily harm to the victim. It is possible to commit the offense of rape without necessarily causing bodily harm to the victim. Consequently, by definition a battery based upon bodily harm to the victim cannot be a lesser-included offense unless there is evidence in the record that bodily harm occurred to the victim during the course of or as a result of the rape. In the absence of such evidence the defendant is not entitled to a battery-based-on-bodily-harm instruction.

The record in the case at bar reveals that the victim, Vicki Dahlstrom, suffered bodily harm, but not during the commission of, or as a result of, the rape. Ms. Dahlstrom testified that after giving the defendant a ride to a Moline tavern, he grabbed her car keys and forced her into the back seat of her car. There he struck her about the face until she was rendered unconscious. After she regained consciousness the defendant removed her clothing and had sexual intercourse with her against her will. The State's medical testimony established that vaginal smears taken from the victim disclosed sperm cells. In testifying in his own behalf, the defendant admitted striking Ms. Dahlstrom, but denied having sexual intercourse with her. It is thus obvious that the battery offense for which the defendant sought a jury instruction was not committed during the rape, but prior thereto. The battery was a completely separate offense, arising from a separate and distinct act—so separate, in fact, that had the defendant been charged with both battery based upon bodily harm and rape, and convicted of both offenses, the one act/one crime doctrine would not operate to bar the entry of multiple convictions. See *King*; *People v. Schultz* (1979), 73 Ill. App. 3d 379, 392 N.E.2d 322.

In my view, the defendant did not seek an instruction on a lesser-included offense. To argue that he is entitled to this battery instruction on such grounds is inconsistent with his defense theory that he did not rape the complainant. Rather, the defendant is seeking an instruction on an offense for which he has not been charged; and as was so aptly put by the court in *People v. Simpson* (1978), 57 Ill. App. 3d 442, 449, 373 N.E.2d 809, 814, "[n]o defendant has an absolute right to pick and choose his prosecution and his punishment." To allow him to do so here would have

---

[1] Defendant's Instruction No. 5 read "A person commits the crime of battery who by any means knowingly or intentionally causes bodily harm to another person." Illinois Pattern Jury Instructions, Criminal, No. 11.05 (1968).

only confused the jury's deliberative process. Further, "[a] defendant indicted of one offense cannot be convicted of an unindicted offense which is not a lesser-included of the offense for which he is charged." *People v. Hobson* (1979), 77 Ill. App. 3d 22, 28, 396 N.E.2d 53, 58.

In short, there is no evidentiary basis for the particular battery instruction tendered by the defendant. Had the instruction been on battery caused by an insulting or provoking physical contact I would agree that the giving of the instruction was warranted on the grounds that it was on a lesser included of the greater offense of rape. The form of battery for which the defendant seeks an instruction, however, is not a lesser included of the offense of rape under these facts. I would affirm the trial court's refusal to give defendant's Instruction No. 5, and reach the merits of defendant's second issue concerning the sufficiency of the record.